DOE d. HENRY VAN & WIFE v. JONATHAN DRAPER.

The deposition of an aged and infirm witness, is admissible in evidence on proof of her inability to attend court, without resorting to a summons, or attachment and return of the sheriff to show the fact.

There is no provision of law, or rule, or practice of the court, requiring the return of a commission *de bene esse*, to take the testimony of aged and infirm witnesses in the State, to show that the commissioner was sworn, or affirmed to execute it with fidelity ; and if it is necessary that he should be so qualified, the court will infer it in absence of proof to the contrary.

ACTION of ejectment. A commission *de bene esse* had issued in vacation to take the testimony of aged, infirm and departing witnesses, and on the trial the plaintiff offered in evidence the deposition of an aged and infirm female witness which had been taken under it, proof having been first produced at the stand that the deponent was aged and very infirm, and owing to a severe attack of paralysis, had not been able to walk for two years, and

had not been out of her house within that time, and that her residence was sixteen miles from Court. One of the witnesess, however, qualified his statement by adding that she might be brought to court by laying her in a carriage; but none of them had seen her for a week previously. Upon this, objection was made by the counsel for the defendant, to the admissibility of her deposition, because it did not sufficiently appear that she was then, or had at any time been actually unable by reason of her infirmity to attend as a .witness, and if even such was the case, it should be shown by subpœna, or attachment and return of the sheriff to that effect, as the best and only proper proof of the fact under the circumstances.

*But the Court* overruled the objection. Paralysis, such as has been proved in this instance, is usually a continuing infirmity, and, as it had been shown that the deponent has not been able to walk for two years past, up to a very recent period at least, it would be presumed to continue and still exist, unless the contrary appeared. It was also competent to prove her infirmity and consequent inability to attend as a witness, without resorting to a summons, or attachment and the return of the sheriff, by other evidence, such as had been already adduced at the bar of the court.

A further objection was then taken to the deposition, because it did not appear by the return to the commission on which it was taken, that the commissioner had been sworn or affirmed, and was duly qualified to execute it.

*The Court*, however, admitted the deposition. This is a commission *de bene esse* to take the testimony of aged, infirm and going witnesses in the State. It does not appear, nor is it usual to appear, by the return of the commissioner, that he was sworn, or affirmed and duly

qualified to perform his duty with fidelity. But admitting for the sake of argument that he was not in fact so qualified, we should not be prepared, for that reason merely, to exclude the deposition in the absence of any positive provision of law, or rule, or practice of the court, requiring that such a commissioner should be so qualified. But we are not aware of any such provision, rule, or practice; and as it is not usual for this to appear by the return of the commissioner, it would not be improper to infer as this matter now stands before the court, that the commissioner, as an officer of the court, has performed his whole duty in the case; and if necessary, that he was duly qualified to execute the commission. The courts of England in some cases, on application for commissioners to take testimony in foreign countries, have omitted the usual command to the commissioners in such commissions, to be sworn, or affirmed. 1 *Greenl. Ev. sec.* 320. *Ponsford v. O' Connor,* 5 *M. & W.* 673. *Clay v. Stephenson,* 3 *Ad. & Ellis,* 807. In cases of commissions issued out of this court to the commissioners appointed in other States by the executive of this, to take depositions to be used here, the law providing for their appointment, requires that they shall take a general oath or affirmation before entering upon the duties of their office, and in all such cases, the court will presume that they have complied with the requirements of the statute.